# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 10-6008

| | |
|---|---|
| In re: | * |
| | * |
| Steven Gerard Lapke, also known as | * |
| Steven Gerard Lapke, MD, Formerly | * |
| doing business as Family Health & | * |
| Wellness, P.C., | * |
| | * |
| Debtor. | * |
| | * Appeal from the |
| Steven Gerard Lapke, | * United States |
| | * Bankruptcy Court for the |
| Debtor - Appellant, | * District of Nebraska |
| | * |
| v. | * |
| | * |
| Mutual of Omaha Bank, | * |
| | * |
| Creditor- Appellee. | * |

Submitted: April 20, 2010
Filed: May 10, 2010

Before KRESSEL, Chief Judge, SCHERMER and VENTERS, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Debtor Steven Gerard Lapke (the "Debtor") appeals from the bankruptcy court's[1] order dismissing his case under 11 U.S.C. § 707(b)(1) and (3). We have jurisdiction over this appeal from the final orders of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons stated herein, we affirm.

## ISSUE

The main issue on appeal is whether debt owed by the Debtor in connection with loans on his home constitutes consumer debt, even though the Debtor did not sign some of the underlying loan documentation. Since we find that the debt qualifies as the Debtor's consumer debt, we also consider whether the bankruptcy court correctly decided that the Debtor's bankruptcy filing was an abuse of the provisions of Chapter 7. We agree with the bankruptcy court's determination that the Debtor's filing of this case was abusive.

## BACKGROUND

On February 15, 2009, the Debtor filed his voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). This is the second Chapter 7 case filed by the Debtor in the past two years. The Debtor filed his first case, Case No. BK07-81140-TJM, in 2007 as a joint case with his wife. In response to motions to dismiss filed by the United States Trustee and Nebraska State Bank, which is now known as Mutual of Omaha Bank, the bankruptcy court dismissed the Debtor's 2007 bankruptcy case under section 707(b)(3) of the Bankruptcy Code. It determined that (1) the debts of the Debtor and his wife were primarily consumer debts; and (2) their Chapter 7 case should be dismissed as an abuse of the provisions of Chapter 7. *See In re Lapke,* No. BK 07-81140-TJM, 2008 WL 901846 (Bankr. D.

---

[1]The Honorable Thomas L. Saladino, Chief United States Bankruptcy Judge for the District of Nebraska.

Neb. Mar. 31, 2008); *In re Lapke*, No. BK 07-81140-TJM, 2008 WL 355575 (Bankr. D. Neb. Jan. 23, 2008).

The Debtor is a medical doctor who earned a significant income. Prior to both of his bankruptcy filings, the Debtor did business as a professional corporation under the name "Family Health & Wellness, P.C." Thereafter, he practiced medicine as an independent contractor. The Debtor's expenses are high, evidencing a comfortable lifestyle for himself and his family.

In 2004, the Debtor and his wife purchased a home. As of the petition date, two Wells Fargo entities ("Wells Fargo") held three notes, each secured by the Debtor's home. The Debtor and his wife financed the original home purchase with a loan from another institution, which was later refinanced with Wells Fargo. They both signed a deed of trust securing the first loan from Wells Fargo, but the Debtor did not sign the promissory note evidencing the debt ("Note 1"). Wells Fargo was also the holder of a second promissory note ("Note 2"), secured by a second deed of trust ("DOT2") on the Debtor's home. The Debtor did not sign Note 2 or DOT 2. In addition, Wells Fargo was the holder of a third promissory note secured by a third deed of trust encumbering the Debtor's home, both of which were signed by the Debtor and his wife.

In the Debtor's first bankruptcy case, the Debtor and his wife treated the debts owed to Wells Fargo as consumer debt. After dismissal of their joint case, the Debtor and his attorney discovered that the Debtor did not sign Notes 1 and 2. The Debtor then filed his individual Chapter 7 case. The Debtor bases his ability to proceed in his individual case on a mere technicality. According to the Debtor, since he had not signed Notes 1 and 2 and DOT 2, he was not personally liable for such obligations and they were not consumer debts. He admitted that the third home loan constitutes

3

consumer debt. The Debtor argued further that, even if his debts were primarily consumer debts, his bankruptcy filing was not an abuse of the provisions of Chapter 7.

Mutual of Omaha Bank filed its Motion to Dismiss the Debtor's case under Bankruptcy Code section 707(b), claiming that the Debtor has primarily consumer debt and that the issue of abuse was *res judicata* in accordance with the proceedings in the Debtor's first Chapter 7 case. The bankruptcy court examined the Debtor's calculation of his consumer debt and his business or other debt. It explained that the Debtor improperly included the debt owed to Wells Fargo for Note 1 and Note 2 in his calculation of business or other debt, when such debt should be classified as consumer debt. It also examined the circumstances of the Debtor's financial condition in light of its finding of abuse in the Debtor's first Chapter 7 case. Accordingly, the bankruptcy court granted the Bank's Motion to Dismiss, determining that: (1) the amount owed to Wells Fargo under Notes 1 and 2 was consumer debt; (2) the Debtor had predominantly consumer debt; and (3) the Debtor's bankruptcy filing was an abuse of the provisions of Chapter 7.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *First Nat'l Bank of Olathe, Kan. v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997). A finding that a debt secured by real property is a consumer debt is a finding of fact that will only be reversed for clear error. *Cox v. Fokkena (In re Cox)*, 315 B.R. 850, 854 (B.A.P. 8th Cir. 2004). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)(*quoting U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). We review a bankruptcy court's

4

order of dismissal for abuse under an abuse of discretion standard. *Nelson v. Siouxland Fed. Credit Union (In re Nelson)*, 223 B.R. 349, 352 (B.A.P. 8th Cir. 1998).

## DISCUSSION

Bankruptcy Code section 707(b) governs dismissal of Chapter 7 cases for abuse. It applies only to debtors whose debts are primarily consumer debts. Section 707(b)(1) provides, in pertinent part, that "the court . . . may dismiss a case filed by an individual debtor under [Chapter 7] whose debts are *primarily consumer debts*, . . . if it finds that the granting of relief would be an abuse of the provisions of [Chapter 7]." 11 U.S.C. §707(b)(1)(emphasis added). Mutual of Omaha Bank's allegation of abuse is predicated upon section 707(b)(3). Section 707(b)(3) explains the criteria for a court to consider when determining whether, if a presumption of abuse does not apply, the filing of a debtor with primarily consumer debts was, nevertheless, abusive. It provides, in pertinent part, that a court "shall consider - (A) whether the debtor filed the petition in bad faith; or (B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse." 11 U.S.C. §707(b)(3).

### Consumer Debt

The parties did not dispute the bankruptcy court's determination that including the debt associated with Notes 1 and 2 in the calculation of consumer debt would result in the Debtor having primarily consumer debt, rather than primarily business or other debt. Accordingly, our analysis concerns whether the amounts owed to Wells Fargo under Notes 1 and 2 constitute consumer debt. We agree with the bankruptcy court's decision that they do.

The first and second home loans represent claims against the Debtor's property. As such, they are claims against the Debtor. Bankruptcy Code section 101(12) defines "debt" as "liability on a claim." 11 U.S.C. §101(12). In turn, the definition of "claim"

5

is broad including, in pertinent part, a "(A) right to payment . . . or; (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment. . ." 11 U.S.C. §101(5). Section 102(2) includes rules of construction for the Bankruptcy Code. It explains that the phrase "'claim against the debtor' includes claim against property of the debtor." 11 U.S.C. §102(2). Moreover, the United States Supreme Court construed the definitions above and determined that the term "claim" included a lien on a debtor's real property that was <u>not</u> accompanied by the debtor's personal liability. *See Johnson v. Home State Bank*, 501 U.S. 78, 84-87 (1991).

The next step in our analysis is to determine whether the claims against the Debtor were consumer debts.

The plain language of Bankruptcy Code section 101(8) defines "consumer debt" as "debt incurred by an individual primarily for a personal, family or household purpose." 11 U.S.C. §101(8). Debt secured by real property that is used as the debtor's personal residence is generally consumer debt. *See, e.g., Cox*, 315 B.R. at 855. To determine whether a debt is a consumer debt, we must examine the Debtor's purpose in incurring it. *Id.* When the debtor incurs a debt secured by real property to purchase a home or make improvements to it, the debt is for family or household purposes. *Id.* "It is difficult to conceive of any expenditure that serves a 'family ... or household purpose' more directly than does the purchase of a home. . . " *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 913 (9th Cir. 1988).

The bankruptcy court found that the evidence did not show that the loans could be characterized as anything other than home mortgage loans. We accept the bankruptcy court's finding as correct. The record does not suggest that the first and second home loans were for anything other than to finance the Debtor's residence. In fact, at least the first Wells Fargo loan, the largest one, was taken to refinance his

6

original home loan.  Nevertheless, the Debtor included the third loan as consumer debt, but attempts to escape the same characterization of the first two loans.

The Debtor's argument hinges on a mere technicality - his failure to sign certain loan documentation.  According to the Debtor, his failure to sign two promissory notes secured by his home and one associated deed of trust evidence a lack of volition, which he claims to be a requirement for a consumer debt.  We disagree with the Debtor's position.  The Debtor's volition, or lack thereof, is not determinative under the facts of this case.  *See, e.g., In re Walton,* 69 B.R. 150, 154 n. 4 (E.D. Mo. 1986)(obligation to state for dependent children payments that debtor "obviously did not seek" was consumer debt that arose from lack of discipline in meeting ordinary obligations), *aff'd on other grounds*, 866 F.2d 981 (8ᵗʰ Cir. 1989); *In re Evans*, 334 B.R. 148, 151 (Bankr. D. Md. 2004)(debt on debtor's home was consumer debt even though debtor did not sign the promissory note evidencing it).[2]

First, the facts show that, regardless of whether he signed the loan documentation, the Debtor intended to obtain funds from Wells Fargo to finance or refinance his home.  Next, the Debtor cannot escape the fact that the amounts owed under Notes 1 and 2 constitute claims against the Debtor since they are claims against his property and the associated debts were incurred, whether by the Debtor or his wife or both of them, for personal, family or household purposes.  Lastly, the Debtor admitted that the third loan was consumer debt.  If we were to accept the Debtor's argument, a debt could never be classified as a consumer debt when the associated

---

[2]The Debtor claimed that the Note 1 and Note 2 debt was statutorily imposed on him under section 102(2).  He cited case law in an attempt to support his argument that the debt cannot be consumer debt because the Debtor supposedly did not incur it voluntarily.  They are factually distinct from the situation here.  Moreover, some of the cases discuss a debtor's lack of volition as only one consideration that led to the court's determination that a debt was not a "consumer debt."  Lastly, the cases come from authority that is not binding on this Court and are unconvincing to this Court.

claim against the debtor existed by virtue of a claim against his property. Certainly that cannot be the case.

Moreover, in the Debtor's first Chapter 7 case, the Debtor and his wife included the first two Wells Fargo loans as their consumer debt. It does not make sense that the character of the Debtor's obligation suddenly changed in his second case, only after he discovered that he had failed to sign some of the underlying loan documentation.

In sum, we find that where a debtor's home serves as collateral for a loan and the loan is for personal, family or household purposes, the amount owed to the lender is classified as consumer debt.

When calculating the amount of consumer and non-consumer debt before the bankruptcy court, the Debtor included $679,833.00 owed to Wells Fargo under Notes 1 and 2 as "business/other" debt. He claimed that the total non-consumer debt equaled $1,347,828.15 and the consumer debt equaled $373,200.75. The bankruptcy court's determination that the amount under Notes 1 and 2 was consumer debt, rather than business debt, caused it to subtract the $679,833.00 amount from the calculation of "business/other" debt and add it to consumer debt. As a result, consumer debt in the amount of $1,053,033.75 "far exceed[ed]" non-consumer debt, which amounted to only $667,995.15. We adopt the bankruptcy court's calculations as correct and, accordingly, we agree that the Debtor's consumer debt outweighed his non-consumer debt.

The next step in our analysis is to review the bankruptcy court's decision that the Debtor's filing was an abuse of the provisions of Chapter 7.

**Abuse**

The bankruptcy court was correct when it refused to overturn its previous decision, in Case No. BK07-81140, that the granting of relief would be an abuse of the provisions of Chapter 7. The Debtor did not show a significant change in his circumstances in this case that would merit a different result. In addition, he chose not to appeal from or otherwise challenge the bankruptcy court's determination of abuse in his first Chapter 7 case.

**Frivolous Appeal**

Federal Rule of Bankruptcy Procedure 8020 provides, in pertinent part, that "[i]f a . . . bankruptcy appellate panel determines that an appeal . . . is frivolous, it may, after a separately filed motion or notice from the . . . bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020. "An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Tina Livestock Sales, Inc. v. Schachtele (In re Schachtele)*, 343 B.R. 661, 666 (B.A.P. 8th Cir. 2006)(*quoting Newhouse v. McCormick & Co., Inc.*, 130 F.3d 302, 305 (8th Cir. 1997)).

After the bankruptcy court's dismissal of the Debtor's first Chapter 7 case, the Debtor filed his individual Chapter 7 case, which raised the same issues under section 707(b) that were raised in his initial Chapter 7 case, under almost identical facts. He sought a different result based on an inconsequential technicality, that he had not signed some of the underlying loan documentation. The bankruptcy court alerted the Debtor that it perceived his efforts as "an attempt to take advantage of a perceived loophole in [section] 707" and an effort to "frustrate the purposes of Chapter 7." The Debtor did not stop. He ignored the bankruptcy court's admonition and proceeded

with this appeal, raising issues that caused the appellee to incur unnecessary fees and expenses.

The Debtor's appeal appears to us to be frivolous. However, we decline to initiate the procedures under Rule 8020 absent additional proceedings in this matter.

## CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the bankruptcy court.

———————————